IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KJ'S GENERAL CONTRACTORS, )
INC.; KENNETH F. JENKS, SR.; )
DIABY ELECTRIC, INC.; TIDIAN )
A. DIABY; MCN CONSTRUCTION & )
MANAGEMENT, INC.; LEROY V. )
MAXWELL, JR.; AMERICAN )
CLEARING, INC.; and ROSE L. )
DEMPSEY; )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV414-181
 )
J.E. DUNN CONSTRUCTION )
COMPANY, d/b/a Rives E. )
Worrell Company, and RYAN E. )
PRICE, )
 )
    Defendants. )
 )

## <u>O R D E R</u>

Before the Court is Plaintiffs' Motion for Remand. (Doc. 19.) For the reasons that follow, Plaintiffs' motion is **GRANTED** and this case is **REMANDED** to **the Superior Court of Chatham County, Georgia** pursuant to 28 U.S.C. § 1447(c). Because this case is remanded, all pending motions are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This case arises from Defendants' alleged wrongful use of Plaintiffs' business identities and trade names in a bid for a

construction contract. According to the complaint, Plaintiffs are minority and women-owned business enterprises ("MWBE"). (Doc. 1, Ex. A ¶ 3.) Defendant is a prime contractor that has been awarded a series of large construction contracts from the Board of Education for the City of Savannah and Chatham County. (Id. ¶ 7.) One such contract was for the construction of a school complex. (Id. ¶ 29.) As part of that bid, Defendants included Plaintiffs' businesses as MWBEs with which it would subcontract some portion of the construction project. (Id. ¶¶ 37-38.) Defendant Price, in his role as a Vice President of Defendant Dunn, signed two forms included in the bid package, one listing the efforts to engage Plaintiffs and another stating an intent to enter into a formal agreement with Plaintiffs should Defendant Dunn be awarded the contract. (Id. ¶¶ 29-42.)

According to Plaintiffs, Defendants lacked both permission to include their business identities and trade names in Defendants' proposal, or any intent to actually engage Plaintiffs for that work should Defendants be awarded the contract. (Id. ¶¶ 59, 60.) Rather, Plaintiffs contend that Defendants used their trade names to increase the competitiveness of their bid because proposed MWBE utilization in the project accounted for 10% of the bid's total assessment score. (Id. ¶¶ 46-50, 61.) Based on this "fraudulent method[]

2

of misappropriati[on]" (id. ¶ 61), Plaintiffs filed suit in the Superior Court of Chatham County alleging claims against Defendant Dunn for appropriation of name and identity for commercial advantage (id. ¶¶ 62-67), unjust enrichment (id. ¶¶ 68-74), and infringement of trade name under the Uniform Deceptive Trade Practices Act (id. ¶¶ 75-78); and claims against both Defendants for violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO") (id. ¶¶ 79-89), fraud and deceit (id. ¶¶ 90-100), and tortious breach of legal duty (id. ¶¶ 101-107).

Defendants timely removed the case to this Court, purporting to invoke both this Court's federal question and diversity jurisdiction. (Doc. 1.) Following removal, Plaintiff filed a motion to remand arguing that the Court lacks either federal question or diversity jurisdiction over this case. (Doc. 19.) In response, Defendants contend that federal question jurisdiction exists because resolution of the Georgia RICO claim requires the Court to interpret the meaning of the federal wire fraud statute. (Doc. 26 at 21-25.) In addition, Defendants maintain that complete diversity exists between the parties because Defendant Price, whose addition to this case destroys diversity, was fraudulently joined. (Id. at 4-5.) In this respect, Defendants reason that there is no possibility

that a state court would find Plaintiffs stated a cause of action against Defendant Price. (Id. at 4-20.)

**DISCUSSION**

I. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant has the burden of proving that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

II. FEDERAL QUESTION JURISDICTION

Congress has conferred upon federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28

4

U.S.C. § 1331. The most obvious example of a case arising under federal law is where a plaintiff pleads a cause of action created by federal law. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986); see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, a plaintiff's claim need not be created by federal law to invoke the district court's original jurisdiction. A complaint alleging a state-law claim may still invoke federal jurisdiction if " 'a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27-28 (1983)). While not an automatic grant of jurisdiction, a state-law claim may fall under the original jurisdiction of federal district courts if the court must interpret a substantial question of federal law when deciding whether a plaintiff is entitled to relief. Id. A claim that simply requires a court to apply or interpret a federal law is insufficient to confer federal question jurisdiction. Rather, the federal issue to be decided must be substantial. Dunlap v. G & L Holding Grp. Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (citing Franchise Tax Bd., 463 U.S. at 13).

5

In determining whether a claim requires the resolution of a substantial and disputed question of federal law, the Supreme Court has looked to whether interpretation of the federal issue would resolve an essential element of the state-law claim. Empire, 547 U.S. at 701. In Grable, the interpretation of a federal statute was the "only legal or factual issue contested in the case." Id. Also, a federal question is substantial and important where "its resolution is both dispositive of the case and would be controlling in numerous other cases." Empire, 547 U.S. at 700. In addition, the Supreme Court has looked to the interest of the federal government in a proper and consistent interpretation of the federal issue. Grable, 545 U.S. at 315.

Defendants contend that Plaintiffs' Georgia RICO claim requires the Court to determine whether the federal wire fraud statute, 18 U.S.C. § 1343, encompasses the conduct forming the basis for one or more of the alleged predicate acts. (Doc. 26 at 21-25.) Plaintiffs' complaint alleges that Defendants "committed multiple violations of 18 U.S.C.A. § 1343[] when they used the interstate wires in order to obtain Plaintiffs' property as part of a scheme to defraud." (Doc. 1, Ex. A ¶ 84.) Additionally, the complaint alleges that "Defendants' illegal racketeering activity includes multiple violations of

O.C.G.A. § 16-8-3 and O.C.G.A. § 16-8-4," Georgia's theft by deceiving and theft by conversion statutes. (Id. ¶ 83.)

This case does not raise a substantial and disputed question of federal law. First, the Court would not be required to interpret an independent federal statute. At most, the Court need only apply the wire fraud statute to the facts of this case to determine whether Defendants' acts constitute violations of federal law, which can then be considered predicate offenses under the Georgia RICO statute. Moreover, there is a clear and established body of federal law providing guidance on whether Defendants' conduct constitutes federal wire fraud. Indeed, it does not even appear that the parties dispute the meaning and application of the federal wire fraud statute.

Second, Plaintiffs' Georgia RICO claims do not rest solely on predicate offenses grounded in federal law. As noted above, Plaintiffs allege that Defendants also violated Georgia's theft by deceiving and theft by conversion statutes. Therefore, resolution of this claim is not entirely dependent on the Court's application of federal law. Accordingly, the Court concludes that it lacks federal question jurisdiction over this case.[1]

---

[1] Defendants' reliance on Ayres v. Gen. Motors Corp., 234 F.3d 514 (11th Cir. 2000), is misplaced. In Ayres the federal

7

III. DIVERSITY JURISDICTION

Defendants also contend that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. A federal court has diversity jurisdiction if the amount-in-controversy exceeds the sum or value of $75,000 and there is complete diversity between plaintiffs and defendants. 28 U.S.C. § 1332. Complete diversity requires every plaintiff to have diverse citizenship from every defendant. Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Here, the face of the complaint shows a lack of complete diversity because both Plaintiffs and Defendant Price are Georgia citizens. (Doc. 1, Ex. A ¶¶ 11-22.)

Although the face of the complaint indicates an absence of jurisdiction, the action may be removable if the joinder of the nondiverse party is fraudulent. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The doctrine of fraudulent joinder is a judicially created

---

question required the district court "to construe independent bodies of federal law and to determine the legal effect of the interaction of those two bodies of law." Adventure Outdoors, 552 F.3d at 1302; accord Ayres, 234 F.3d at 519. It was this interplay of state and federal law that gave rise to the substantial federal question required to vest that court with jurisdiction. Even the Eleventh Circuit in Ayres noted that state RICO claims predicated on only federal mail and wire fraud statutes are unlikely to confer federal question jurisdiction. 234 F.3d at 520 & n.12; see also Austin v. Ameriquest Mortg. Co., 510 F. Supp. 2d 1218, 1226-27 (N.D. Ga. 2007); Donaldson v. GMAC Mortg. LLC, 2010 WL 381838, at *4-*5 (M.D. Ga. Jan. 26, 2010).

exception to the rule of complete diversity that courts invoke in three situations. Id. First, if no possibility exists that the plaintiff can prove a cause of action against the nondiverse defendant, joinder is deemed fraudulent. Id. (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). Second, where "outright fraud" exists in the plaintiff's statement of jurisdictional facts, joinder is fraudulent. Id. Third, fraudulent joinder exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability, and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Id. (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996)). Defendants argue only the first type of fraudulent joinder, asserting that the complaint fails to plead a cause of action against Defendant Price. (Doc. 26 at 4-18.)

To establish fraudulent joinder based on a plaintiff's failure to state a claim, a defendant must show that there is no "possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007). In that respect, this Court is "limited to determining whether Plaintiffs have even an arguable

claim." Id. at 1293 (internal quotation omitted). That is, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against [the resident defendant], the federal court must find that joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41.

Georgia is a notice pleading state. Hatcher v. Moree, 133 Ga. App. 14, 15-16, 209 S.E.2d 708, 711 (1974). Accordingly, "the complaint, and other relief-claiming pleadings need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided." Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216.) The complaint clearly puts Defendant Price on notice of the claims brought against him. The question, then, is whether Plaintiffs' claims against Defendant Price for Georgia RICO violations, fraud and deceit, and tortious breach of legal duty are at least "arguable." See Florence, 484 F.3d at 1299; Coker, 709 F.2d at 1440-41.

Defendants argue that Plaintiffs' Georgia RICO claim against Defendant Price fails as a matter of law because Plaintiffs lack standing and their loss, if any, was not proximately caused by Defendants' actions. (Doc. 26 at 6-10.) In Georgia, "[i]t is unlawful for any person, through a

10

pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." O.C.G.A. § 16-14-4(a). To establish a Georgia RICO claim, a plaintiff need only show that a defendant committed at least two of the predicate offenses listed in O.C.G.A. § 16-14-3(5). Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1292-93 (11th Cir. 2006).

The issue before the Court, however, is not whether Defendant Price committed Georgia RICO violations, but whether any alleged violation proximately caused injury to Plaintiffs. The Georgia RICO statute provides treble damages for "[a]ny person who is injured by reason of any violation of" the Georgia RICO statute. O.C.G.A. § 16-14-6(c) (emphasis added). Therefore, Georgia RICO cases require some direct relation between the alleged injury and the prohibited conduct. Williams, 465 F.3d at 1288 (citing Anza v. Ideal Steel Supply, 547 U.S. 451, 457 (2006)).[2]

Keeping this standard in mind, the Court concludes that it is at least possible a state court would find the complaint

---

[2] "Georgia courts 'look to federal authority' in determining RICO standing." Williams, 465 F.3d at 1294 (quoting Maddox v. So. Eng'g Co., 231 Ga. App. 802, 805, 500 S.E.2d 591, 594 (1998)).

states a Georgia RICO claim against Defendant Price. Plaintiffs' complaint alleges that Defendant Price wrongfully used their business identities and trade names to obtain lucrative government construction contracts. (Doc. 1, Ex. A ¶ 7.) Defendants benefited from this wrongful use by both increasing the competitiveness of their bid and retaining as profit the premium local governments are willing to pay for the inclusion of MWBEs in the project. (Id. ¶ 5, 61.)

This, of course, comes at the expense of Plaintiffs' chances of obtaining subcontracts by participating with a competing contractor who is less competitive because it intends to properly pass on the full value of the MWBE subcontracts rather than retain them as additional profit. Plaintiffs are also directly harmed where the winning bidder uses their information without any intention of formally engaging them to perform work on the project, thereby foreclosing Plaintiffs' ability to profit from those subcontracts. In the Court's opinion, it is at least possible that a state court would conclude that "[P]laintiffs' allegations are neither indirect nor too remote to satisfy Georgia's proximate-cause requirement under state-law RICO." Williams, 465 F.3d at 1294. As a result, diversity is lacking in this case because Plaintiffs have pled a possible state law

claim against Defendant Price. Accordingly, this case must be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to **the Superior Court of Chatham County, Georgia** pursuant to 28 U.S.C. § 1447(c). Because this case is remanded, all pending motions are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 25th day of September 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA