# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| KJ'S GENERAL CONTRACTORS, INC.,  KENNETH F. JENKS, SR., DIABY ELECTRIC, INC., TIDIAN A. DIABY, MCN CONSTRUCTION AND MANAGEMENT, INC., LEROY V. MAXWELL, JR., AMERICAN CLEARING, INC., and ROSE L. DEMPSEY, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case Number: 4:14-CV-0181-WTM-GRS ) |
| J. E. DUNN CONSTRUCTION COMPANY d/b/a RIVES E. WORRELL COMPANY, and RYAN E. PRICE, | ) ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Plaintiffs KJ's General Contractors, Inc., Kenneth F. Jenks, Sr., Diaby Electric, Inc., Tidian Diaby, MCN Construction and Management, Inc., Leroy V. Maxwell, Jr., American Clearing, Inc., and Rose L. Dempsey, and move the Court for an award of attorney's fees[1] pursuant to Federal Rule of Civil Procedure 54(d)(2), respectfully showing the Court the following:

---

[1] Plaintiffs are represented by more than one attorney. As a matter of style, however, the Eleventh Circuit Court of Appeals has noted that the Supreme Court Style Manual prefers the use of the phrase, "attorney's fees" in all opinions. *See Hobbs v. Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1239, n. 2 (11th Cir. 2001); *see also Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F. 3d 252, 253 n. 1 (6th Cir.1997) (referring to the haphazard interchange between "attorney fees," "attorneys fees," "attorney's fees," and "attorneys' fees" within federal statutes, rules, and cases as "promiscuous[]").

## INTRODUCTION

Following the Court's order on September 25, 2015, remanding this case to state court, Plaintiffs now timely file this motion for fees.  The basis for the Plaintiffs' request is as follows.

First, there was no objectively reasonable basis for the Defendants to remove this case in that 1) it was clear from the face of the Complaint that the legal question raised under Georgia RICO was one of state law that did not require resolution of a federal question, and 2) Georgia case law clearly established, at the time of removal, that it was possible to state a claim under Georgia RICO against a corporate officer individually.

Second, because Defendants' removal prolonged the litigation and imposed additional costs on Plaintiffs without an objectively reasonable basis for doing so, Plaintiffs are entitled to recover their fees in defending the unjustifiable removal.

## PROCEDURAL HISTORY

This case, originally filed on July 24, 2014 in the Superior Court of Chatham County, Georgia, was erroneously removed by Defendants to this Court, purportedly on the basis of federal question and diversity jurisdiction. [Doc. 1, Notice of Removal, ¶¶ 7, 14]. Plaintiffs subsequently filed a Motion to Remand on September 22, 2014. [Dkt. 19]. Approximately one year later, on September 25, 2015, the Court found that the case did not raise a substantial and disputed question of federal law and that Defendant Price was not fraudulently joined.  [Doc. 30, 7].  For these reasons, the Court granted Plaintiffs' Motion and remanded the case to the Superior Court of Chatham County. *Id.*

## ARGUMENT AND CITATION TO AUTHORITY

The removal statute provides that this Court, upon granting Motion for Remand,  "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (as quoted in *Hobbs v. Blue Cross Blue Shield of*

*Alabama*, 276 F. 3d 1236, 1243 (11th Cir. 2001)).   The fee-shifting provision is appropriate because "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (ROBERTS, C.J.).[2]

## I. Legal Standard

In *Martin*, the Supreme Court announced the controlling standard for awarding fees. *Id*. at 141.  According to the Supreme Court, the district court should award fees "where the removing party lacked an objectively reasonable basis for seeking removal," *Id*. In applying this test, "the court 'should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party.'" *Hansard v. Forsyth Cnty., GA*, 191 F. App'x 844, 847 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 711.).   Courts in the Eleventh Circuit, "first determine whether the [removing party] had an objectively reasonable basis for removal and then consider whether the removal prolonged the litigation or imposed costs on the [plaintiffs]." *Hansard*, 191 F. App'x at 847.

Regarding the first question, the Supreme Court, as recognized by the Eleventh Circuit Court of Appeals, distinguished between the standard apply for fee-shifting provisions in a civil rights case, e.g. 28 U.S.C. § 1988, and the appropriate standard for awarding fees post-remand. *See Martin*, 546 U.S. at 138–39 (as quoted in *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim,*

---

[2] Accordingly, "[a] request for attorney's fees should not result in a second major litigation." *Norman v. Housing Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir.1988) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). It is "perfectly proper to award attorney's fees based solely on affidavits in the records." *Id.* at 1303. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." *Id.* (citations omitted).

*Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (per curiam)).   A Plaintiff seeking fees under §

1447(c) is *not* required to "show[] that the defendant's position was 'frivolous, unreasonable, or

without foundation.' *Classic Soft Trim, Inc.*, 436 F. App'x at 890 (quoting *Martin*, 546 U.S. at

138–39).   Rather, on plaintiff's motion, a district court should determine whether defendant's

decision to remove was (a) "grounded in some objectively reasonable basis when it occur[red],"

(b) based on a "careless[] unaware[ness]" of certain facts, or (c) merely an effort to "prolong and

confuse the litigation." *Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 870 (11th Cir. 2006). A

defendant motivated by *either* of the latter two reasons "lack[s] an objective reasonable basis for

seeking removal." Id. (internal quotation marks omitted).

## II.    Defendants Had No Objectively Reasonable Basis For Removal.

### 1.    Plaintiffs' Complaint, on its face, did not plead a federal claim and resolution of the state law claims did not necessarily require resolution of any federal issues.

As the Court is aware, this case arises out of Defendants' use of Plaintiffs' names and

identities for Defendants' own commercial gain.   [Doc. 1, Ex. A (Complaint ¶¶ 2, 25, 62-67)]

Plaintiffs alleged, among other Georgia statutory violations, violations of the Georgia Civil RICO

Act.  Plaintiffs further alleged commission of Georgia common law torts arising out of Defendants'

deceptive and fraudulent actions.   [Doc. 1, Ex. A (Complaint ¶¶ 62-107)].   Plaintiffs alleged no

cause of action arising under federal law.   Plaintiffs alleged that, as predicate acts to their claim

under Georgia RICO, Defendants committed numerous violations of state laws and also violated

the federal wire fraud statute. *Id.* ¶¶ 79-89.

It is well-settled that "the 'mere presence of a federal issue in a state cause of action does

not automatically confer federal-question jurisdiction.'" *Diaz v. Sheppard*, 85 F. 3d 1502, 1505

(11th Cir. 1996) (as quoted in *Hansard*, 191 F. App'x at 847) (original quotation omitted). Even

if the complaint requires resolution of a substantial federal question, "if the state law question must

be resolved before the federal question can be reached, '[t]he most that one can say is that a question of federal law is lurking in the background.'" *Hansard*, 191 F. App'x at 847 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11-12 (1983)).

In the face of this clear precedent, Defendants took the unsupported position that Plaintiffs' Georgia RICO claim would require a court to determine whether the federal wire fraud statute, 18 U.S.C. § 1343, encompassed the conduct forming the basis for one or more of the alleged predicate acts.  Doc. 26 at 21-25).  After reviewing *Franchise Tax Board* and its progeny, *Empire*, and *Grable*, the Court roundly rejected Defendants' argument for two clear reasons.  *See* Doc. 30, Order on Motion to Remand 5-7 (citing *Empire*, 547 U.S. 677; *Grable*, 545 U.S. 308; *Franchise Tax Board*, 463 U.S. 1).

"First, the [c]ourt would not be required to interpret an independent federal statute…[because] there is a clear and established body of federal law providing guidance on whether Defendants' conduct constitutes federal wire fraud." *Id.* As the Court identified, Defendants failed to dispute Plaintiffs' reading of the meaning and application of the federal wire fraud statute. *Id.* The second reason that the Court rejected Defendants' argument is that "Plaintiffs' Georgia RICO claims do not rest solely on predicate offenses grounded in federal law…[t]herefore, resolution of this claim is not entirely dependent on [the court's] application of federal law." *Id.*

In *Hansard*, as here, the court reviewed the plaintiff's complaint and concluded it was predicated on state, not federal, laws. 191 F. App'x at 846. There, as here, plaintiffs' complaint mentioned federal law.  *Id.* (finding that plaintiffs' complaint contained the following language: "Defendant's arbitrary and capricious acts have violated Plaintiffs' rights under…the United States Constitution, including U.S. Const. amend. V and amend. XIV, § 1, and have thereby caused

Plaintiffs irreparable injury").  Despite the appearance of citations to federal law, there, as here, the court concluded that "[t]he legal question to be resolved in the complaint then…, is a question of state law." *Id.* (referring to defendants' argument that invocation of the Fifth and Fourteenth Amendments necessarily created a substantial federal question as "erroneous"); *see also* [Doc. 30, Order 7 (finding "Plaintiffs' Georgia RICO claims do not rest solely on predicate offenses grounded in federal law")].  For this reason, there, as here, the court found that resolution of the state law claims did not necessarily require resolution of any federal issues. 191 F. App'x at 846; Doc. 30, Order 7.  Significantly, in *Hansard*, the Eleventh Circuit concluded that defendants "did not have any objectively reasonable basis for removal."  Defendants herein had no objectively reasonable basis for removal of Plaintiff's state court action.

> **2.      Defendants knew they could not meet the "heavy burden" of proving that Defendant Price was fraudulently joined.**

When the Supreme Court announced its decision in *Martin*, it approved the objectively-reasonable-basis standard as applied by the Fifth Circuit Court of Appeals.  *See Martin*, 546 U.S. at 141 (citing *Valdes v. Wal–Mart Stores, Inc.,* 199 F. 3d 290, 293 (5th Cir. 2000)). In *Valdes*, the defendant, Wal-Mart, attempted to remove a case based on plaintiff's fraudulent joinder.  199 F. 3d at 293.  There the court held that Wal-Mart could "conclude from [analogous circuit decisions and applicable state] case law that its position was not an unreasonable one."  *Id*. The Seventh Circuit Court of Appeals, along with other federal circuit courts that have considered the issue, have relied on the *Valdes* court's reasoning, to conclude that where "clearly established law demonstrated that [defendant] had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F. 3d 789, 793 (7th Cir. 2007); *see also Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (holding that "the clarity of the law at the time the notice of removal was filed" was one factor in an

objectively-reasonable-basis analysis); *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1066 (9th Cir. 2008) (same).

Defendants who attempt to allege fraudulent joinder in the Eleventh Circuit have the "heavy burden" of proving that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F. 3d 1536, 1538 (11th Cir. 1997).  In this case, Defendants attempted to allege only the first type of fraudulent joinder, "no possibility" of a cause of action against Defendant Price. (Doc. 26 at 4-18).

This was not the first time counsel for Defendants asserted such a position.  *See Hodges v. King Am. Finishing, Inc.*, CV 612-073, 2012 WL 5473560 (S.D. Ga. Nov. 9, 2012). In *Hodges*, Defendants' counsel "reach[ed] back a half century and west across the continent to rely on [a 10th Circuit case applying New Mexico law] in support of their argument that generalized allegations against a corporate officer are insufficient to state a claim upon which relief can be granted." *Id*. at 4-5.

In *Hodges*, the court rejected defendants' argument, correctly finding that "[t]his court must look to Georgia law." *Id*. at 5.  The court found that, in light of Georgia's notice pleading standard, where Plaintiffs had presented some evidence supporting their claim, it was possible to state a claim against the individual corporate agent.  *Id.*  Based on this finding, the court concluded that defendants could not carry their "heavy" burden.  *Id.*

Here, the Court reached a similar conclusion vis-à-vis the possibility that "a state court would find the Complaint states a Georgia RICO claim against Defendant Price." (Doc. 30, Order on Motion to Remand).  Defendants' removal effort fell far short of the heavy burden to prove

"there was no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe, supra*.

### III.    Defendants' Removal Prolonged the Litigation and Imposed Costs on Plaintiffs.

Defendants removed this case before Defendant Price and two fact witnesses were scheduled to appear for depositions. Removal prevented those depositions from occurring. Further, removal delayed resolution of this case for nearly 12 months.  In that time, Defendants have completed construction of the school in question in this case and generally continued their course of business in Chatham County. The completion of the school in question is of no minor import. Finishing the school foreclosed various remedies that existed at the time of removal.  The state court could have issued a temporary injunction halting construction of the school until the rights of the parties could be determined, the parties could have fashioned settlements involving the ongoing project, etc.

Plaintiffs believe that one of the central reasons Defendants sought removal of this case was to delay the matter such that the school could be finished before Plaintiffs could obtain any relief either from a court or via settlement. Defendants have yet to respond to discovery or sit for depositions in this case well more than a year post-filing.   Conversely, Plaintiffs have been denied the ability to obtain relief for the harms perpetrated against them. An award of fees and expenses is justified by Defendants' prolongation of the litigation and imposition of costs on Plaintiffs.  Pursuant to S. D. Ga. Local Rule 54(c), counsel for Plaintiffs are prepared to file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation, within 30 days of the entry of the Court's Remand Order.

**CONCLUSION**

It was clear from the face of the Complaint that the legal question raised was one of Georgia law that did not require interpretation of the federal wire fraud statute. Also, under Georgia law at the time of removal, it was clearly possible that the pleadings set forth a state-law cause of action against the individual corporate agent, Defendant Price. Defendants lacked *any* objectively reasonable basis for seeking removal. Finally, Defendants' removal prolonged the litigation and imposed additional costs on Plaintiffs without an objectively reasonable basis for doing so. The Court should award Plaintiffs their fees in defending Defendants' improvident removal.

RESPECTFULLY SUBMITTED this 9th day of October, 2015.


/s/ William R. Claiborne
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
*Attorney for Plaintiffs*

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com


/s/ S. Wesley Woolf
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*

S. WESLEY WOOLF, P.C.
408 East Bay Street
Savannah, Georgia 31401
T: (912) 201-3696
F: (912) 236-1884
woolf@woolflawfirm.net

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| KJ'S GENERAL CONTRACTORS, INC., KENNETH F. JENKS, SR., DIABY ELECTRIC, INC., TIDIAN A. DIABY, MCN CONSTRUCTION AND MANAGEMENT, INC., LEROY V. MAXWELL, JR., AMERICAN CLEARING, INC., and ROSE L. DEMPSEY, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case Number: 4:14-CV-0181-WTM-GRS ) ) |
| J. E. DUNN CONSTRUCTION COMPANY d/b/a RIVES E. WORRELL COMPANY, and RYAN E. PRICE, | ) ) ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to the following attorneys of record:

Bradley M. Harmon
Christopher W. Phillips
Hunter, Maclean, Exley & Dunn, P.C.
P.O. Box 9848
Savannah, Georgia 31412
bharmon@huntermaclean.com
cphillips@huntermaclean.com

{Signatures appear on following page.}

Respectfully submitted, this 9[h] day of October, 2015.


THE CLAIBORNE FIRM, P.C.


/s/: *William R. Claiborne*
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
Attorney for Plaintiffs

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile


S. WESLEY WOOLF, P.C.

/s/: *S. Wesley Woolf*
S. WESLEY WOOLF
Georgia Bar No. 776175
Attorney for Plaintiffs

408 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile